# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AUTUMN CREST AT TIMBERRIDGE HOMEOWNERS ASSOCIATION, a Washington non-profit corporation, | No. 58973-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| NICHOLAS WOJDYLA, an individual, and CELESTE NICOLE WOJDYLA, an individual, spouses or registered domestic partners, and the marital or quasi-marital community composed thereof; and ALL OTHER OCCUPANTS, | |
| Appellants. | |

VELJACIC, A.C.J. — Nicholas Wojdyla appeals the trial court's order granting summary judgment to Autumn Crest Timberridge Homeowner's Association (Autumn Crest). He argues that Autumn Crest's attorney committed fraud upon the court, and therefore the case should be dismissed. Because the court did not err in granting summary judgment, we affirm.

FACTS

I.    BACKGROUND

Nicholas and Celeste Wojdyla purchased their home in Bonney Lake in 2020. The home was part of Autumn Crest. In April 2021, Autumn Crest's property management contacted the Wojdylas and informed them that they needed to remove a fence that had been built in their front yard because it violated a covenant of the homeowner's association agreement. The Wojdylas

acknowledged receipt of this notice and requested a meeting with whomever "need[ed] to see [the] yard decoration." Clerk's Papers (CP) at 15. At a virtual meeting, the Wojdylas "disconnected from the meeting and did not return. CP at 567.

In June, Autumn Crest contacted the Wojdylas again informing them they needed to take down the fence. In July, Autumn Crest fined the Wojdylas $300 for failing to remove the fence. Autumn Crest also informed the Wojdylas that if the fines continued to accumulate for 60 days, Autumn Crest would "file a lien for all fines and costs, including but not limited to legal fees, to correct the violation." CP at 28. In October, Autumn Crest notified the Wojdylas that they owed over $800 for 2021 dues and fines regarding the unapproved fence. The Wojdylas had previously indicated they were not going to pay any fines.

In May 2022, the Wojdylas were fined another $100 for failure to remove the fence. In June, August, and September, they were again fined $100 for failure to remove the fence. On October 6, the Wojdylas were contacted by a debt collector to obtain over $4,900, including payment for annual assessments, fines for rule violations, and legal fees. Nicholas Wojdyla contacted Autumn Crest's counsel and debt collector and told him to "[c]ease and [d]esist all communications with [him] and [his] wife immediately." CP at 510.

On October 19, Autumn Crest contacted the Wojdylas to inform them that gravel work they had done on their property needed to be submitted for approval. Also in October, Autumn Crest filed a notice of claim of lien against the Wojdylas' property. In November, Autumn Crest informed the Wojdylas that they could not park on the gravel and that their trailer needed to be stored out of sight. Autumn Crest also sent the Wojdylas a notice of delinquency for past due assessments.

On December 6, Autumn Crest filed a complaint against the Wojdylas for lien foreclosure and monies due. Autumn Crest sought foreclosure, an order allowing access to the property to bring it into compliance, and $10,721.61 for past due annual assessments, fines, late fees, attorney fees and costs, and interest. On December 23, the Wojdylas filed a counter lawsuit for harassment and theft of finances as well as a response to Autumn Crest's complaint.[1]

II. PRETRIAL

In March 2023, the Wojdylas filed a notice, stating that they would be unavailable June 23 and July 10-16. In May, the Wojdylas filed another notice, stating they would be unavailable June 23 and June 28-July 16.

In May, the trial court found that the Wojdylas willfully violated the general purpose of discovery by e-mailing opposing counsel up to 40 times a day, using abusive language, calling counsel dumb and accusing her of lying, making unreasonable objections, and outright refusing to produce responsive information. The court ordered the Wojdylas to respond to discovery requests and ordered them to pay for another deposition.

On July 14, at a discovery compliance hearing, the Wojdylas were not present. The trial court acknowledged the notice of unavailability filed by the Wojdylas but continued with the hearing. The court explained that the Wojdylas again refused to sit for depositions and were nonresponsive in regards to discovery.

---

[1] The Wojdylas voluntarily dismissed their counterclaim in May 2023.

The trial court conducted a *Burnet*[2] analysis and sanctioned the Wojdylas by ordering them to pay $16,941.06 in attorney fees and costs and barring them from producing new, favorable evidence. The Wojdylas sought discretionary review of the trial court's order sanctioning them for discovery violations.

In September, Autumn Crest filed a motion for summary judgment. The Wojdylas did not respond to this motion. At the summary judgment hearing, Nicholas Wojdyla told the court that at the July 14 hearing, Autumn Crest's attorney "fabricated a story [] that [they] were not present." Rep. of Proc. (RP) (Oct. 20, 2023) at 4. The court told the Wojdylas that "[t]he issues that led to the orders on July 14th started well before" then and that it was aware of the notice of unavailability that was filed. RP (Oct. 20, 2023) at 8. The court noted, however, that a notice of unavailability was not enough to move the hearing.

Celeste Wojdyla told the court that July 14 was her birthday, and she felt that they were being treated unfairly. The court responded, "I understand that point. I would only say that if somebody called this court and said 'I need this hearing to go away or to be moved because it's my birthday,' I would say no, because that's not a compelling reason." RP (Oct. 20, 2023) at 9.

The trial court found that the Wojdylas failed to comply with Autumn Crest's governing documents that were covenants running with the land. The court granted Autumn Crest's uncontested motion for summary judgment, foreclosed on the property, and ordered the Wojdylas to pay $34,684.92 in additional attorney fees and costs.

---

[2] *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997).

58973-7-II

Wojdyla appeals.[3]

ANALYSIS

I. SUMMARY JUDGMENT

A. Legal Principles

An order granting summary judgment is reviewed de novo. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). "[S]ummary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 790, 16 P.3d 574 (2001) (quoting CR 56(c)). A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue. *LaRose v. King County*, 8 Wn. App. 2d 90, 103, 437 P.3d 701 (2019). In determining if there is an issue of material fact, "the court construes all facts and inferences in favor of the nonmoving party." *Michael*, 165 Wn.2d at 601.

When a party fails to respond to a motion for summary judgment, CR 56(e) instructs that "summary judgment, if appropriate, shall be entered against the adverse party."

---

[3] After this appeal was filed, a commissioner of this court dismissed the Wojdylas' motion for discretionary review of the trial court's order sanctioning them for discovery violations. The commissioner's ruling stated:

> Because any issues sought to be raised by the motion for discretionary review may be raised in the full appeal, this notice of discretionary review is hereby dismissed as moot.
>      Petitioner should note that this ruling is not a consolidation and any issues that were raised in the motion for discretionary review brief should be raised again in the briefing for cause number 58973-7-II, if desired.

Ruling by Comm'r Triebel, *Autumn Crest at Timberridge Homeowners Ass'n v. Wojdylas*, No. 58486-7-II (Wash. Ct. App. Dec. 4, 2023).

5

B.      Analysis

Here, the Wojdylas did not respond to Autumn Crest's motion for summary judgment, and the court granted summary judgment.  On appeal, Wojdyla provides no argument for how the order granting Autumn Crest's motion for summary judgment was erroneous.  Wojdyla also presents no basis for reversing the summary judgment order as he does not show there is a genuine issue of material fact regarding their violation of Autumn Crest's covenants.  He also fails to show that Autumn Crest is not due judgment as a matter of law.

Therefore, we conclude the court properly granted summary judgment in favor of Autumn Crest.

## II.      FRAUD UPON THE COURT

Wojdyla's appeal focuses on his allegation that Autumn Crest's attorney lied to the court at the hearing on July 14 regarding Autumn Crest's motion for discovery sanctions.

Wojdyla alleges that Autumn Crest's counsel lied to the court regarding the Wojdylas' absence on July 14 and somehow painted them in a bad light for not appearing.  The trial court, however, directly addressed this concern and stated that the Wojdylas did not have a compelling reason to move the hearing.  Indeed, there is no evidence in the record before us that the Wojdylas moved to continue the hearing.  There is no evidence in the record before us that Autumn Crest's counsel misled the court regarding their absence.  The court even explained that its ruling regarding

discovery sanctions was based on actions that occurred long before the July 14 hearing. Moreover, Wojdyla fails to explain how opposing counsel's alleged lie,[4] if true, regarding their absence at a hearing for discovery sanctions rendered the order granting summary judgment erroneous.

Under RAP 2.4(a), "[t]he appellate court will, at the instance of the appellant, review the decision or parts of the decision designated in the notice of appeal." Wojdyla designates only the order granting summary judgment in his notice of appeal. His argument regarding "fraud upon the court" in a discovery sanction hearing is outside the scope of his appeal of an order granting summary judgment. Appellant's Br. at 39-41. Further, Wojdyla does not show the court's ruling on discovery sanctions prejudicially affected the ruling on summary judgment, therefore it is not reviewable under RAP 2.4(b)(1) either. *See* RAP 2.4(b)(1) ("The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice."). Even if we were to attempt review of the discovery compliance hearing and resulting order, the record is insufficient to enable such review as the underlying pleadings, deposition transcripts, and other related materials are not a part of our record. Further, Wojdyla makes no argument regarding how they complied with discovery requests such that sanctions would have been unwarranted. To the extent Wojdyla raises arguments regarding alleged harassment from Autumn Crest, those arguments too are outside the scope of his appeal of the trial court's order granting summary judgment.

---

[4] Wojdyla alleges Autumn Crest's counsel lied regarding the hearing on July 14. It appears Wojdyla argues that he received confirmation that the review hearing was scheduled for July 21 and that Autumn Crest's counsel lied or misrepresented something to the court to get them to change the hearing to July 14. The hearing that was scheduled for July 21, however, appears to be a review hearing not the hearing on the motion regarding discovery compliance. Despite the Wojdylas' notice of unavailability, Autumn Crest's counsel was not prohibited from requesting that a hearing on that motion be scheduled for July 14.

Therefore, we conclude there was no fraud upon the court, and even if there was, it did not affect the trial court's summary judgment ruling.

III.    ATTORNEY FEES

Pursuant to RCW 64.38.050 and Autumn Crest's recorded covenants, Autumn Crest requests attorney fees in this appeal in addition to attorney fees from the previous motion for discretionary review the Wojdylas filed that was dismissed as moot.

"RAP 18.1 provides for an award of attorney fees on review where a statu[t]e authorizes such an award." *Martinez v. City of Tacoma*, 81 Wn. App. 228, 245, 914 P.2d 86 (1996). Because RCW 64.38.050 and Autumn Crest's governing documents provide for an award of attorney fees, and a commissioner of this court ruled issues raised in the previously dismissed motion could be raised in this appeal, we award Autumn Crest attorney fees for both this appeal and the previously dismissed motion for discretionary review in an amount to be set by our commissioner.[5]

CONCLUSION

Accordingly, we affirm the trial court's order granting Autumn Crest's motion for summary judgment and award attorney fees.

---

[5] The commissioner's December 4, 2023 ruling stated that "any issues that were raised in the motion for discretionary review brief should be raised again in the briefing for cause number 58973-7-II, if desired." Ruling by Comm'r Triebel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Glasgow, J.